UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**PEGGY JEAN CLARK**　　　　　　　　　　**CIVIL ACTION**

**VERSUS**　　　　　　　　　　　　　　　　**NO. 17-7757**
　　　　　　　　　　　　　　　　　　　　　**c/w 18-2298**

**DEPARTMENT OF THE**　　　　　　　　　**SECTION: "B"(3)**
**ARMY, ET. AL.**

## ORDER AND REASONS

Before the Court is Plaintiff Peggy Jean Clark's motion for summary judgment (Rec. Doc. 57), Defendants Department of the Army and Secretary of the Army's response in opposition (Rec. Doc. 61), Defendants' motion for summary judgment (Rec. Doc. 60), and Plaintiff's response in opposition (Rec. Doc. 62). The Court also takes into consideration the filing of the administrative record (Rec. Doc. 30). For the reasons discussed below,

**IT IS ORDERED** that plaintiff's motion for summary judgment is **DENIED** and defendants' motion for summary judgment is **GRANTED**.

**FACTS AND PROCEDURAL HISTORY**

This action arises from a suit for judicial review of a final agency action that terminated Plaintiff's benefits and privileges provided for under the Uniformed Services Former Spouse Protection Act. *See* Rec. Doc. 57-1 at 2. Plaintiff is a resident of Parish of St. John the Baptist, Louisiana. *See* Rec. Doc. 1 at 2. She is the former spouse of Ronald Williams, who served approximately 16 years of military service before retiring under the voluntary early

1

retirement program. *See* Rec. Doc. 30-1 at 7. The two were married for approximately 27 years. *See id*. Defendant Department of the Army is an agency of the United States located in Fort Knox, Kentucky. *See* Rec. Doc. 1 at 2. Defendant Secretary of the Army works with the other defendant and is responsible for compliance with the federal law and regulations. *See id*.

As an auxiliary of defendants, the U.S. Army Project Office serves as the primary point of contact for issues involving ID cards and related benefits. *See* Rec. Doc. 30-1 at 1. The Army Project Office operates under the Department of Defense Instruction ("DoDI") 1314.02; DoD Manual ("DoDM") 1000.13, Volume 2, DoD ID Cards; and Defense Enrollment Eligibility Reporting System ("DEERS") Program and Procedures. *See id*. The DEERS Program and Procedures grant the Army Project Office the authority to be the final decision maker for the Army for ID cards and benefits. *See* Rec. Doc. 60-1 at 5.

In November 2007, approximately seven years after plaintiff and Mr. Williams divorced, plaintiff was issued a Department of Defense Identification Card ("DoD ID card") under the 20/20/20 rule. *See id*. at 2. The 20/20/20 rule entitles certain un-remarried former spouses to certain benefits if they were married to their servicemember spouse for 20 years; the servicemember had 20 years of military service; and the overlap of the marriage and military service is at least 20 years. *See id*. On October 14, 2015, Plaintiff contacted the U.S. Army Human Resources Command to verify her documents for

2

20/20/20 former spouse eligibility. *See id*. It is unclear why Plaintiff sought to verify her documents after eight years.

On April 17, 2017, after several correspondences between plaintiff and defendants, Army Project Officer Michael Klemowski wrote a letter to plaintiff explaining that she was not 20/20/20 former spouse eligible. *See* Rec. Doc. 30-1 at 7. He also mentioned a change in the process of issuing a former spouse an ID card because of fraudulent activity.[1] *See id*. On August 29, 2017, the Army Project Office terminated plaintiff's DoD ID card with a retroactive effective date of December 9, 2015. *See* Rec. Doc. 60-1 at 5.

On August 11, 2017, plaintiff filed a complaint challenging the Army Project Office's decision to revoke her DoD ID card.[2] *See* Rec. Doc. 1. Then, on July 23, 2018, plaintiff filed a motion for summary judgment. *See* Rec. Doc. 57. Defendants timely responded. *See* Rec. Doc. 61. On August 22, 2018, defendants filed a motion for summary judgment. *See* Rec. Doc. 60. Plaintiff timely responded. *See* Rec. Doc. 62.

---

[1] Prior to October 2015, when a former spouse claimed entitlement to un-remarried former spouse ("URFS") benefits, an ID card site normally would review the submitted documents. Thereafter, if an URFS was eligible, the ID card site would create a URFS entry ("segment") in the DEERS's Real-time Automated Personnel Identification System for the individual. However, since October 2015, by direction of the Defense Human Resources Activity, the military services' project offices have made URFS determinations, instead of the ID card sites. *See* Rec. Doc. 30-1 at 2-3.

[2] Plaintiff's DoD ID card entitled her to certain benefits, including medical care, Post Exchange, and commissary privileges. *See* Rec. Doc. 61 at 1.

**LAW AND ANALYSIS**

    **A. Summary Judgment Standard**

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). *See also* T*IG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court should view all facts and evidence in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixson Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006). Mere conclusory allegations are insufficient to defeat summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).

The movant must point to "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. If and when the movant carries this burden, the non-movant must then go beyond the pleadings and present other evidence to

4

establish a genuine issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). However, "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). "This court will not assume in the absence of any proof that the [non-moving] party could or would prove the necessary facts, and will grant summary judgment in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the [non-movant]." *McCarty v. Hillstone Rest. Grp.*, 864 F.3d 354, 357 (5th Cir. 2017).

Summary judgment is appropriate where a district court is reviewing an agency decision under the APA. *See Spiller v. Walker*, 2002 U.S. Dist. LEXIS 13194 *1, *21 (W.D. Tex. 2002)("In a case like this one, where the Court is reviewing an agency decision under the APA, summary judgment is the appropriate means for resolving claims because the Court is reviewing the legality of the agency action, not acting as the initial factfinder.").

**B. APA Review Standard**

The parties agree that this Court's review is governed by the APA. *See* Rec. Doc. 57-1 at 5; Rec. Doc. 61 at 2. The APA empowers courts to reverse agency action that is arbitrary and capricious.

*See Alenco Communs., Inc. v. FCC*, 201 F.3d 608, 610 (5th Cir. 2000) citing to 5 U.S.C. § 706. Pursuant to the APA, courts shall review the administrative record to determine whether the challenged agency action was arbitrary and capricious or otherwise not in accordance with law. *See* 5 U.S.C. § 706; *Harris v. United States*, 19 F.3d 1090, 1096 (5th Cir. 1997). This is a very narrow standard of review. *See Harris*, 19 F.3d at 1096. Courts shall review the administrative record looking only to find whether the agency articulated a rational relationship between the facts and their action. *See City of Abilene v. United States*, 325 F.3d 657, 664 (5th Cir. 2003). In fact, courts must uphold the challenged agency action if the agency's reasons and choices conform to minimal standards of rationality. *See id*. (stating that the APA standard is a deferential standard). Courts may not substitute their own judgment for that of the agency. *See id*.

**C. Defendants' Motion for Summary Judgment is Granted**

Courts shall apply the APA standard of review to the agency's action based solely on the administrative record. *See Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985). In other words, courts shall focus their review on the administrative record already in existence, "not some new record made initially in the reviewing court." *See Luminant Generation Co., LLC v. EPA,* 714 F.3d 841, 850 (5th Cir. 2013).

On March 1, 2018, defendants noticed the filing of the administrative record for the instant case. *See* Rec. Doc. 30. The

6

record consists of a declaration of Deputy Army Project Officer John Ellerbe as well as numerous attachments. *See id*. Specifcally, in making their choice to revoke plaintiff's DoD ID card, the Army Project Office reviewed the following documents and regulations: Soldier Management System Printout; Certificate of Release or Discharge from Active Duty; Certificate of Marriage; Judgment of Divorce; DoDI 1000.13, paragraph 6.2.5.2.1; Department of Defense Financial Management Regulation, Volume 12, Chapter 18; DoDI 1341.02; DoDI 1000.13, paragraphs E2.1.7 and E.2.1.9; and 10 U.S.C. § 1072. *See* Rec. Doc. 30-1 at 5-3. The administrative record also includes several letters exchanged from the Army Project Office and plaintiff. *See id.* at 7-21.

Plaintiff acknowledges that her former spouse retired under the TERA, stating that that kind of early retirement is equivalent to a 20-year retirement. Specifically, plaintiff contends that the regulations relevant here should be read to say "at least 15" in place of "at least 20" in each instance; however, she cites to no case law to support such an interpretation. Plaintiff, in her Motion for Summary Judgment, attempts to support her contention with Section 4403(b)(B) of the FY 1993 National Defense Authorization Act for 1994 which mentions that the Army may make said substitution in the application of 10 U.S.C. § 3914 to a certain officer. *See* Rec. Doc. 57-4 at 1. Plaintiff's contention is unconvincing. Title 10 U.S.C. § 3914 is not relevant here as it was not considered by Defendants.

7

It is not part of the administrative record. Furthermore, plaintiff offers nothing persuasive for extending Section 4403(b)(B) beyond 10 U.S.C. § 3914 to the regulations relevant here. Lastly, Plaintiff's argument that defendants changed their determination for no justifiable reason is also unconvincing because defendants explicitly acknowledged their prior error. *See Luminant Generation Co., LLC,* 714 F.3d at 855 (stating that an agency is not bound to follow a previous action committed in error).

The evidence exhibited in the administrative record would not allow a reasonable jury to return a verdict for plaintiff. As all parties agree, plaintiff sought entitlement to certain benefits as a 20/20/20 former spouse.[3] *See* Rec. Doc. 30-1 at 8-21. It is apparent that the 20/20/20 former spouse rule requires three things: (1) that the former spouse was married to the servicemember for at least 20 years; (2) that the servicemember had at least 20 years of service creditable towards retirement; and (3) that the marriage and service overlapped by at least 20 years. Per the administrative record, plaintiff and Mr. Williams were married for 27 years and Mr. Williams served 16 years, 6 months, and 2 days of military service. *See id*. 30-1 at 40-42 (certificate of discharge, marriage certificate, and divorce decree). Thus, the second and third requirements of the 20/20/20 rule are not met.

---

[3] In at least one letter, Plaintiff mentions 20/20/15 former spouse entitlement which also requires 20 years of service by the former spouse servicemember.

In their April 17, 2017 letter, defendants explained to plaintiff that she was not entitled to any benefits because she did not qualify as a 20/20/20 former spouse. *See id*. at 7. Specifcally, defendants explained that Plaintiff's former servicemember spouse had not served at least 20 years of military service. Plaintiff was incorrectly coded as a 20/20/20 former spouse and erroneously issued a DoD ID for many years. Once the error was confirmed, defendants, through the Army Project Office, made the decision to correct the error by revoking Plaintiff's DoD ID. Defendants support their decision with the definition of a 20/20/20 former spouse under the regulations relevant here.[4]

---

[4] The regulations relevant here are 10 U.S.C § 1072(F), 32 § C.F.R. 199.3, and DoDI 1000.13.

10 U.S.C. § 1072(F) states that:

> the unremarried former spouse of a member or former member who (i) on the date of the final decree of divorce, dissolution, or annulment, had been married to the member or former member for a period of at least 20 years during which period the member or former member performed at least 20 years of service which is creditable in determining that member's or former member's eligibility for retired or retainer pay, or equivalent pay, and (ii) does not have medical coverage under an employer-sponsored health plan. *See* Rec. Doc. 30-1 at 47.

32 § C.F.R. 199.3(b)(2)(i)(F)(1) states that:

> the former spouse must have been married to the same member or former member for at least 20 years, at least 20 of which were creditable in determining the member's or former member's eligibility for retired or retainer pay. *See* Rec. Doc. 1-1 at 2.

Defendants contend that under this regulation the member or former member still had to have performed at least 20 years of military service creditable towards retirement in accordance with paragraph (b)(2)(i)(C). *See Rec*. Doc. 60-1 at 10 fn. 3.

DoDI 1000.13 states:

Therefore, upon review of the administrative record, this Court finds a rational relationship between the facts and the Army Project Office's action. The Army Project Office's revocation of plaintiff's DoD ID card was not arbitrary or capricious or otherwise not in accordance with law and warrants deference. *See Luminant Generation Co., LLC,* 714 F.3d at 855 citing to *Tex. Oil & Gas Ass'n v. United States EPA*, 161 F.3d at 9,23 934 (5th Cir. 1998) (upholding agency action after finding an agency's reasons and policy choices to conform to minimal standard of rationality and therefore reasonable).

New Orleans, Louisiana, this 25th day of February, 2019.

                                           SENIOR UNITED STATES DISTRICT JUDGE

---

6.2.5.2.1. Unmarried former spouse of a member or retired member, married to the member or retired member for a period of at least 20 years, during which period of the member or retired member performed at least 20 years of service that is creditable in determining the member's or retired member's eligibility for retired or retainer pay (20/20/20) (10 U.S.C. 1408 and 1072(2)(F), references (o) and (p)). *See* Rec. Doc. 30-1 at 43.